**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1669-16T1

K.S.[1],

      Plaintiff-Appellant,

v.

RYAN VERRECCHIO, CHERI
L. CANNON, ESQ., MATHEW
TULLY, ESQ., and TULLY
RINCKEY, PLLC,

      Defendants,

and

MONMOUTH COUNTY
PROSECUTOR'S OFFICE,

      Defendant-Respondent.

_____

Submitted March 21, 2018 – Decided May 17, 2019

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2394-16.

---

[1] Pursuant to Rule 1:38-3(f)(5) we use initials to protect plaintiff's identity.

Carluccio, Leone, Dimon, Doyle & Sacks, LLC, attorneys for appellant (Edward J. Dimon, of counsel; Marguerite Kneisser, on the brief).

GluckWalrath LLP, attorneys for respondent (Andrew Bayer, of counsel and on the brief; Michael C. Bachmann, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Plaintiff K.S. appeals from the order entered by the Law Division dismissing the civil action he filed against defendant Monmouth County Prosecutor's Office (MCPO) seeking compensatory and punitive damages for the wrongful release of his expunged criminal records. The trial court granted MCPO's motion to dismiss plaintiff's cause of action based on his failure to file a notice of claim within ninety days of its accrual, as required under N.J.S.A. 59:8-8(a) of the Tort Claims Act, (TCA), N.J.S.A. 59:1-1 to 12-3.[2]

Plaintiff argues the court erred in dismissing his complaint against the MCPO in its entirety because claims based on violations of the expungement statute, N.J.S.A. 2C:52-1 to -32.1, the Identity Theft Statute of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-164, and damages related to the enforcement of

---

[2] Although the other parties plaintiff named as defendants are not affected by this order, under Rule 2:2-3(a)(3), an order granting or denying a motion to extend the time to file a notice of tort claim pursuant to N.J.S.A. 59:8-9 is deemed a final judgment subject to appeal as of right.

a court order under <u>Rule</u> 1:10-3 do not fall under the purview of the TCA. With respect to his common law tort claims, plaintiff argues the trial court erred in denying his motion to file a late notice of claim because: (1) he filed a motion seeking this relief within one year of the accrual of the claim; and (2) there were extraordinary circumstances under N.J.S.A. 59:8-9 to warrant the relaxation of the ninety-day deadline in N.J.S.A. 59:8-8(a).

The MCPO argues the trial court correctly dismissed plaintiff's common law tort claims because he did not file a notice of claim within ninety days of their accrual as required by N.J.S.A. 59:8-8 and did not present any evidence of extraordinary circumstances to warrant the relaxation of this statutory deadline. With respect to plaintiff's remaining statutory claims, defendant argues the Legislature did not create a private cause of action to recover civil damages under the expungement statute, and plaintiff did not plead an Identity Theft claim under the CFA.

After reviewing the record before us, we agree with the position advanced by the MCPO and affirm. Because the trial court dismissed plaintiff's cause of action as a matter of law under <u>Rule</u> 4:6-2(e) relying, in part, on materials outside the four corners of the pleadings, we will review this factual record under the summary judgment standards codified in <u>Rule</u> 4:46-2(c), and

explained by the Court in <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540 (1995). However, our review of the trial court's decision is de novo. <u>Globe Motor Co. v. Igdalev</u>, 225 N.J. 469, 479 (2016).

I

At all times relevant to this case, plaintiff was the Chief of Investigations Internal Affairs Officer and Lead Supervisory Detective at Joint Base McGuire-Dix-Lakehurst Police Department. In 1996, plaintiff was employed with the Monmouth County Tactical Narcotics Task Force. On March 21, 1996, plaintiff was arrested and charged with official misconduct after a woman alleged he used his position to coerce her to have sex with him. The State dismissed the charges after plaintiff was admitted into the Pretrial Intervention Program. <u>See</u> N.J.S.A. 2C:43-12; <u>R.</u> 3:28. According to plaintiff, on January 11, 2001, the court entered an order granting his petition to expunge the record related to this charge.[3]

In December 2014, in his role as Chief of Investigations Internal Affairs officer, plaintiff conducted an internal administrative investigation of Patrolman

---

[3] Pursuant to N.J.S.A. 2C:52-11, such an order directs "the clerk of the court and all relevant criminal justice and law enforcement agencies to expunge records of said disposition including evidence of arrest, detention, conviction and proceedings related thereto."

4

Ryan Verrecchio regarding allegations of sexual harassment and unsafe/misuse of a firearm. According to plaintiff, the allegations against Verrecchio were sustained and he was disciplined accordingly. On November 2, 2015, Verrecchio submitted a request to the MCPO under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, for copies of "[a]ny and [a]ll records, to include Internal Affairs and or Criminal Investigation records pertaining to [K.S.] of Howell[,] NJ, who was indicted while working as a Police Officer in Avon[,] New Jersey in 1995/1996 for Official Misconduct[.]"

On November 10, 2015, the MCPO custodian of government records[4] "partially denied" Verrecchio's request in a form response that stated: "The records requested by you are not being provided because the document or documents are not public records as provided by law, as noted below [.]" The form thereafter lists thirty categories that purportedly correlate to a statutory basis to deny access under OPRA. The custodian placed a check-mark next to the categories denoted: "criminal investigatory records" and "pension and personnel records." However, the MCPO released a copy of a 1996 criminal complaint charging plaintiff with second degree official misconduct, N.J.S.A.

---

[4] "'Custodian of a government record' means . . . the officer officially designated by formal action of that agency's director . . . ." N.J.S.A. 47:1A-1.1.

2C:30-2(a). This document also included plaintiff's <u>complete social security number</u>.[5]

Plaintiff alleges that Verrecchio disseminated the information contained in the 1996 criminal complaint to individuals employed with the Joint Base McGuire-Dix-Lakehurst Police Department. Verrecchio's attorneys' Cannon and Tully (who are also named as defendants in this action) distributed the information contained in the 1996 criminal complaint to several news organizations and conducted interviews with news organizations regarding those charges.

II

We will first address the part of the trial court's decision that is based on the TCA notice of claim. Count IX of plaintiff's verified complaint specifically names the MCPO as a defendant and incorporates by reference all of the factual allegations reflected in the previous 105 paragraphs. The legal theories of liability in Counts I through VIII of the complaint are all based on the following common law torts: Count I Defamation; Count II Invasion of Privacy-False Light; Count III Invasion of Privacy-Intrusion on Seclusion; Count IV Invasion

---

[5] N.J.S.A. 47:1A-1.1 expressly excludes from the definition of "government record," and thus from public disclosure, "that portion of any document which discloses the social security number. . . ."

of Privacy-Publicity of Private Matters; Count V Intentional Infliction of Emotional Distress; and Count VI Intentional Interference with Prospective Economic Advantage.[6]

Count IX specifically names the MCPO. Paragraph 112 states: "As a direct and proximate result of Defendant's conduct, [K.S.] has been impaired in his ability to earn a living and has sustained and will continue to sustain loss of income in amounts that will be established at trial." The clear implication of these allegations is to provide a legal basis to seek compensatory and punitive damages against the MCPO, based on the common law torts in Counts I through VI.

Pursuant to the TCA, "[n]o action shall be brought against a public entity . . . under this act unless the claim upon which it is based shall have been presented" to the appropriate public entity in a written notice. N.J.S.A. 59:8-3. The written notice must include specific information, such as a general description of the injury, damage or loss incurred, and the amount claimed. N.J.S.A. 59:8-4. The notice must also be signed by the claimant or a person on his behalf, N.J.S.A. 59:8-5, and filed with the public entity within ninety days of the accrual of the claim, N.J.S.A. 59:8-8. "If notice is not timely served in

---

[6] The complaint does not include a Count VII.

accordance with the statute, '[t]he claimant shall be forever barred from recovering against a public entity.'" Jones v. Morey's Pier, Inc., 230 N.J. 142, 154 (2017) (quoting N.J.S.A. 59:8-8). However, the "'harshness' of the ninety-day requirement is alleviated by the statutory provision that allows the late filing of a notice of a claim under limited circumstances" in the trial judge's discretion, if, within one year of the accrual of the tort claim, the claimant shows extraordinary circumstances for failing to file a timely notice of claim. D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013); N.J.S.A. 59:8-8; N.J.S.A. 59:8-9. The Supreme Court recently reaffirmed "that an attorney's inattention to a file, or even ignorance of the law, [does not equate] with extraordinary circumstances for tort claims purposes." O'Donnell v. New Jersey Tpk. Auth., 236 N.J. 335, 350 (2019) (quoting D.D., 213 N.J. at 156).

Here, all of the tort claims plaintiff asserted against the MCPO accrued on November 10, 2015, when the MCPO custodian of government records under OPRA released plaintiff's expunged records. Under N.J.S.A. 59:8-8, plaintiff had ninety days, or until February 8, 2016, to file a tort claim notice. It is undisputable that plaintiff filed this complaint against the MCPO on March 15, 2016 and an amended complaint on April 8, 2016. Plaintiff never filed the notice required under N.J.S.A. 59:8-8.

Plaintiff has argued he is not legally required to file such notice because his claim against the MCPO under the expungement statute does not fall within the TCA. Plaintiff also argues that the notice provisions of the TCA are inapplicable here because the release of the expunged records involved only a ministerial function by the MCPO custodian of government records. According to plaintiff, the TCA does not provide immunity to public entities for a failure to carry out ministerial duties. Plaintiff also argues that the notice provision of the TCA is not applicable to his claim for injunctive relief to enforce a court order.

These arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). All of the common law claims listed in Counts I through VI are indisputably subject to the TCA. Furthermore, plaintiff's claims predicated on the expungement statute are not legally cognizable. The expungement statute does not contain a provision that enables an individual aggrieved by the unauthorized disclosure of expunged records to file a private cause of action to recover civil damages from the public entity that failed to preserve the confidentiality of expunged records. The only enforcement mechanism the Legislature provided is in N.J.S.A. 2C:52-30, which states:

> Except as otherwise provided in this chapter, any person who reveals to another the existence of an arrest,

A-1669-16T1

conviction or related legal proceeding with knowledge that the records and information pertaining thereto have been expunged or sealed is a disorderly person. Notwithstanding the provisions of [N.J.S.A.] 2C:43-3[7], the maximum fine which can be imposed for violation of this section is $200.00.

Finally, the record shows plaintiff's complaint does not contain a claim under the Identity Theft Statute in the CFA. <u>See</u> N.J.S.A. 56:8-161 to -166.1.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] N.J.S.A. 2C:43-3(d) authorizes the court to impose a maximum fine of $500 as part of a sentence for a person convicted of a disorderly persons offense.